1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KITSAP RIFLE AND REVOLVER
CLUB,

                              Plaintiff,

          v.

NORTHLAND INSURANCE
COMPANY, et al.,

                              Defendants.

CASE NO. C11-5021 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO LIFT
STAY

This matter comes before the Court on Defendant Northland Insurance Company's

Motion to Lift Stay, Dkt. 62.

This case involves an insurance dispute primarily between Plaintiff Kitsap Rifle

and Revolver Club ("KRRC") and Defendant Northland Insurance Company. Dkt. 1.

KRRC owns and operates a recreational gun club in Kitsap County, Washington. Dkt. 9

at 2. Northland insured KRRC under a commercial general liability policy from 1993–

2006. *Id.* at 5.

In 2010, Kitsap County sued KRRC in Pierce County Superior Court, arguing four

causes of action: (1) nuisance per se, (2) statutory public nuisance, (3) common law

1    nuisance, and (4) violation of zoning nuisance ordinances. *Id.* at 4. The County sought an

2    injunction, a declaratory judgment, and abatement of nuisance. *Id.* The County's suit is

3    based on KRRC allegedly modifying its property beyond permitted use "by installing

4    new shooting areas, erecting or installing storage structures . . . , constructing new berms

5    and backstops, clearing vegetation . . . , redirecting surface water, install[ing] lighting

6    poles . . . [,] and engaging in earth moving activities[.]" *Id.* (internal citation omitted).

7          KRRC sued Northland in 2011, arguing that Northland had breached their

8    insurance contract by refusing to defend KRRC in Kitsap County's lawsuit and seeking a

9    declaratory judgment that Northland had a duty to defend. Dkt. 1. Shortly after,

10   Northland agreed to defend KRRC under a reservation of rights. Dkt. 9 at 5–6. Northland

11   has been defending KRRC since February 2011. *Id.* The parties stipulated to stay this

12   case pending the outcome of the underlying lawsuit in 2012. Dkt. 57.

13         The underlying lawsuit has a long and complicated procedural history that has

14   resulted in nearly twelve years of ongoing litigation. That history can be found in the

15   parties' filings and need not be repeated in detail here. *See* Dkts. 62, 70. In short, the case

16   has been appealed and remanded a number of times and is not yet complete. Northland

17   moves to lift the stay in this case, arguing that the "[u]nderlying record has been

18   sufficiently developed for this Court to resolve the relevant coverage issues in this

19   matter." Dkt. 62 at 2. KRRC agrees that the stay can be lifted to determine Northland's

20   duty to defend, but not to determine whether Northland has a duty to indemnify, because

21   its own liability is still at issue in the underlying lawsuit. Dkt. 70. It therefore asks the

22   Court to only partially lift the stay. *Id.*

1    The power to stay proceedings, and the power to lift those stays, is within the

2  inherent discretion of the Court to control its own docket. *See Landis v. N. Am. Co.*, 299

3  U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power

4  inherent in every court to control the disposition of the causes on its own docket with

5  economy of time and effort for itself, for counsel, and for litigants."). There are three

6  relevant interests a court must weigh in determining whether to stay proceedings: "(1) the

7  possible damage that may result from the granting of a stay; (2) the hardship or inequity

8  that a party may suffer in being required to go forward; and (3) the orderly cause of

9  justice measured in terms of the simplifying or complicating of issues, proof, and

10  questions of law that could be expected from a stay." *Com. W. Ins. Co. v. Allen*, 2019 WL

11  3530912, at *3 (W.D. Wash. 2019). "Indefinite stays are disfavored by courts." *Id.*

12    This case has been stayed for over ten years. The outcome of the underlying

13  lawsuit will not affect the determination of whether Northland had or has the duty to

14  defend KRRC in the underlying lawsuit. While a brief stay was justified in 2012, in the

15  hopes that the parties could resolve the issue and with the understanding that the issue

16  could be mooted with a quick resolution of the underlying lawsuit, the stay is no longer

17  justified. Lifting the stay will not harm KRRC, while continuing the stay could harm

18  Northland. Even if Northland's duty to indemnify is litigated, KRRC does not have to

19  admit any fault or liability.

20    The Court will therefore lift the stay and it sees no need to bifurcate the issues in

21  this case. Northland's duty to defend, as the broader issue, will necessarily be adjudicated

22  first. If Northland has no duty to defend, it also has no duty to indemnify, and that issue

1  will be moot. If Northland does have a duty to defend, it is possible that there will be a

2  further question of the extent of its duty to indemnify. That issue can be resolved, if

3  necessary, further down the line.

4       Therefore, it is hereby **ORDERED** that Defendant Northland Insurance

5  Company's Motion to Lift Stay, Dkt. 62, is **GRANTED**. The Clerk shall **LIFT** the stay

6  and the parties shall file a joint status report by **July 22, 2022** with new proposed pretrial

7  and trial dates.

8       Dated this 30th day of June, 2022.

9

10

11                BENJAMIN H. SETTLE
              United States District Judge

12

13

14

15

16

17

18

19

20

21

22